**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MAKEDA STEWART

      PLAINTIFF,

*v.*

COX MEDIA GROUP, LLC.

      DEFENDANT.

Civil Action No.

Jury Trial Demanded

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

Plaintiff, Makeda Stewart, by and through her undersigned counsel, files this Complaint for racial discrimination and unlawful termination of employment in violation of 42 U.S.C. § 1981 against Defendant, Cox Media Group, LLC., and alleges as follows:

PARTIES

1.

Plaintiff Makeda Stewart is a citizen and resident of the United States currently residing in Gwinnett County, GA, 30039.

2.

Defendant Cox Media Group, LLC. is a company based in Delaware

1

and may be served with process by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

4.

This suit is authorized and instituted pursuant to the 42 U.S.C. § 1981 ("Section 1981").

5.

Plaintiff's claims for racial discrimination under 42 U.S.C. §1981 are timely filed within the four-year statute of limitations period set forth by 28 U.S.C. §1658.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

7.

Plaintiff is an African American female.

8.

Plaintiff began her employment as a Media Consultant with Defendant on February 20, 2023.

9.

On May 1, 2023, Plaintiff was transitioned to the role of Business Development Consultant ("BDC").

10.

From November 3, 2023, to March 2024, Plaintiff was on medical leave due to severe depression and anxiety.

11.

Upon her return, Plaintiff developed a successful call to action sequence to increase prospective Client Needs Analyses ("CAN") and presentations.

12.

On March 19, 2024, Plaintiff was unexpectedly placed on a 30-day Performance Improvement Plan ("PIP").

13.

During the PIP, Plaintiff was assigned leads often consisting of only media marketing leads targeting African-American media houses or leads that had been rejected by other employees.

14.

These assignments provided Plaintiff with less lucrative opportunities, significantly hindering her ability to succeed.

15.

Plaintiff sought clarification regarding the PIP, expressing concerns about the unrealistic goals set forth.

16.

Plaintiff was informed that the expectations for the PIP would not be modified.

17.

Throughout the PIP period, Plaintiff experienced a lack of managerial support, particularly from Lisa Michaels ("Michaels").

18.

Michaels frequently missed scheduled meetings and was often unavailable to assist Plaintiff.

19.

Despite Plaintiff's efforts to make progress with meetings and presentations, she could not generate sufficient revenue within the PIP timeframe.

20.

On April 24, 2024, Plaintiff was terminated from her position.

21.

At the time of her termination, Plaintiff had over $50,000 in open proposals and was actively engaged with clients.

22.

Plaintiff later learned that Lexie McLaren, a white female comparator in Oklahoma, was subject to the same PIP policies as Plaintiff, received a PIP with an extended deadline and was offered another position despite poor performance.

23.

Ryan Parr, a white male comparator similarly situated to Plaintiff, was given access to better and more lucrative leads than Plaintiff.

<u>COUNT I</u>
<u>RACIAL DISCRIMINATION IN VIOLATION OF SECTION 1981</u>

24.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 23 of this Complaint as though fully set forth herein.

25.

Plaintiff was qualified for her position and performed her job duties satisfactorily, evidenced by her successful development of a call-to-action sequence that increased prospective CNAs and presentations.

5

26.

Despite her qualifications and accomplishments, Plaintiff was subjected to disparate treatment in comparison to similarly situated employees outside of her protected class.

27.

Specifically, Plaintiff was placed on a 30-day PIP on March 19, 2024, despite her demonstrated success in the role.

28.

During the PIP, Plaintiff was assigned leads that were less lucrative and less favorable than those assigned to her white counterparts, such as Ryan Parr.

29.

Ryan Parr, a white male comparator, received better leads that provided him with greater opportunities to succeed during the same period.

30.

Lexie, a white female comparator, was granted an extended deadline on her PIP and was offered another position, whereas Plaintiff's PIP goals were not adjusted despite her requests for clarification and assistance.

31.

Plaintiff's direct supervisor, Michaels, failed to provide adequate

support during the PIP period, frequently missing scheduled meetings and being unavailable to assist Plaintiff.

32.

In contrast, Plaintiff's comparators received managerial support and resources that facilitated their success, further demonstrating disparate treatment.

33.

Plaintiff's termination on April 24, 2024, was not based on her performance, as she had over $50,000 in open proposals and was actively engaged with clients.

34.

The actions of Defendant, including the imposition of the PIP, the assignment of unfavorable leads, the lack of managerial support, and Plaintiff's eventual termination, were motivated by Plaintiff's race.

35.

Defendant's conduct constitutes a violation of Section 1981, as Plaintiff was subjected to different terms and conditions of employment than similarly situated employees due to her race.

**PRAYER FOR RELIEF**

7

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;

2. Compensation for emotional distress and humiliation;

3. Punitive damages to punish Defendant for its discriminatory actions;

4. Cost of litigation in this action and her reasonable attorney's fees;

5. Any other relief the Court deems just and proper.


Respectfully submitted this 8th day of June 2026.


**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 8th day of June 2026.

**JESSE KELLY PC**

*/s/ Jesse Kelly*
**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com